Jones v New York City Hous. Auth. (2018 NY Slip Op 00027)





Jones v New York City Hous. Auth.


2018 NY Slip Op 00027


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5342 24434/14E

[*1]Tyrone Jones, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Raphaelson & Levine Law Firm, New York (Jason S. Krakower of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered February 17, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when he slipped and fell on ice. Defendant submitted evidence, including the testimony of its supervisor of caretakers that the sidewalks abutting its building were free of ice and snow when he arrived at the building on the date of plaintiff's accident.
In opposition, plaintiff raised triable issues of fact as to whether a hazardous icy condition existed and whether defendant had notice of that condition. Plaintiff's climatological expert opined, after reviewing relevant climatological reports, that snow had ceased falling two days before plaintiff's accident, but snow and ice would have remained on the ground in untreated areas on the morning of his accident, thus giving defendant sufficient time to discover and remedy the hazardous ice condition (see Massey v Newburgh W. Realty, Inc., 84 AD3d 564 [1st Dept 2011]). Plaintiff also testified that before he fell he saw ice covering part of the sidewalk. He described the ice that he saw after his fall as "[b]rownish" and "dirty," thereby raising issues as to whether the icy condition had been on the sidewalk long enough to clear it before the accident (see Perez v New York City Hous. Auth., 114 AD3d 586 [1st Dept 2014]; Wright v Emigrant Sav. Bank, 112 AD3d 401 [1st Dept 2013]). Furthermore, contrary to defendant's contentions, plaintiff identified the cause of his fall, since he testified that he saw ice on the ground when he looked sideways, when he fell, face down, onto it (see Lakins v 171 E. 205th St. Corp., 118 AD3d 451 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK